UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIE HICKS,                                    )          Case No. 1:05CV2722
                                                 )
                    Petitioner,                  )          JUDGE PETER C. ECONOMUS
                                                 )          Magistrate Judge George J. Limbert
        vs.                                      )
                                                 )
DAVID BOBBY, Warden,                             )          REPORT AND RECOMMENDATION
                                                 )          OF MAGISTRATE JUDGE
                    Respondent.                  )


        This matter is before the Court on a petition filed pursuant to 28 U.S.C. § 2254 for a writ

of federal habeas corpus and a motion to proceed in forma pauperis filed by Willie Hicks

("Petitioner").[1]  ECF Dkt. #1 and 8.  For the following reasons, the undersigned recommends

that this Court DENY Petitioner's motion to proceed in forma pauperis and request to file the

complete record and DISMISS the instant petition for writ of habeas corpus with prejudice.

I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

        On or about September 6, 2002, Petitioner was indicted by the Cuyahoga County Grand

Jury on one count of murder and two firearm specifications.  ECF Dkt. #7, Attachment 2.

---

[1] The undersigned notes that a motion to proceed in forma pauperis is generally a motion
decided by an Order as opposed to a Report and Recommendation; However, the issues
presented in Petitioner's motion to proceed in forma pauperis are so intertwined with his original
petition that it is more efficient and effective to address both the motion to proceed in forma
pauperis and request to file the complete record and the original federal habeas corpus petition in
one Report and Recommendation.

Petitioner pled not guilty, waived a trial by jury, proceeded to a bench trial, and was found guilty as charged. *See* ECF Dkt. #7, Attachment 1 at 4; Attachment 3.

### A.    Direct Appeal

On December 23, 2003, Petitioner, through new counsel filed a timely direct appeal in the Eighth District Court of Appeals.  ECF Dkt. #7, Attachment 4.  On April 12, 2004, Petitioner presented the following four (4) assignments of error:

1.    [Petitioner] was deprived of his liberty without due process of law by his conviction for murder, as said conviction was not supported by sufficient evidence to prove his guilt beyond a reasonable doubt.

2.    [Petitioner] was deprived of his Constitutional right to a fair trial before an unbiased fact finder, by the introduction of prejudicial other acts evidence in the state's case in chief.

3.    [Petitioner] was deprived of his Constitutional right to effective assistance of counsel by trial [counsel's] failure to make objections or preserve the record, thereby depriving [Petitioner] of an appellate issue.

4.    The trial court was without jurisdiction to conduct a bench trial, because the jury waiver in the case at bar was not executed in strict compliance with the statutory requirements.

ECF Dkt. #7, Attachment 5.

On June 21, 2004, the state filed a brief in opposition.  ECF Dkt. #7, Attachment 6.  On September 30, 2004, the Eighth District overruled Petitioner's assignments of error and affirmed the trial court judgment. ECF Dkt. #7, Attachments 1.

On October 25, 2004, Petitioner, acting pro se, filed a timely notice of appeal as of right, with jurisdictional memoranda, in the Ohio Supreme Court. ECF Dkt. #7, Attachment 7.  Petitioner presented the following three propositions of law:

1.     A claim of ineffective assistance of appellate counsel raised the first time in the Ohio Supreme Court pursuant to *State v. Murnahan* (1992), 63 Ohio St.3d 60, is considered a continuation of the direct appeal which requires the Ohio Supreme Court to appoint new counsel to an indigent defendant.

2.     Res judicata does not bar a court of appeals from considering a timely filed application for reopening under App.R. 26(B), notwithstanding whether a defendant raised or failed to raise a claim of ineffective assistance of appellate counsel in his first discretionary appeal affirming his convictions under *State v. Murnahan*[.]

3.     An appeal counsel is ineffective when a defendant proves that his counsel was deficient for raising weak and / or frivolous claims and it cannot be proved that appeal counsel was deficient for failing to raise much stronger and meritorious issues and that there was a reasonable probability of success had appeal counsel presented those claims on appeal.

ECF Dkt. #7, Attachment 8.  On February 2, 2005, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. ECF Dkt. #8, Attachment 9.

On March 14, 2005, Plaintiff, acting pro se, filed a timely petition for writ of certiorari in the United States Supreme Court.  ECF Dkt. #7, Attachment 10.  That petition was denied on June 20, 2005. ECF Dkt. #7, Attachment 11.

**B.     Petition for Post-Conviction Relief**

On August 2, 2004, Petitioner, through new counsel, filed a petition for postconviction relief in the trial court pursuant to R.C. 2953.21. ECF Dkt. #7, Attachment 12.  The lone claim presented for relief was that the prosecutor failed to disclose exculpatory evidence, evidence that was contained within the presentence investigation report ("PSI"), and which tended to impeach the credibility of a state's witnesses.  *Id.*  The theory was that two other persons were identified to the police through a confidential informant and a city councilwoman as being suspected of murdering people involved in drugs in the area, and that this information was in the presentence investigation

-3-

report. *Id.*

On September 2, 2004, the state filed a motion for summary judgment seeking dismissal of the postconviction petition. ECF Dkt. #7, Attachment 13-17.  On March 30, 2005, the trial court denied postconviction relief. ECF Dkt. #7, Attachment 18.  On April 4, 3005, the trial court issued findings of fact and conclusions of law, denying Petitioner' *Brady* claim on the basis of res judicata because the claim could have been raised on direct appeal. ECF Dkt. #7, Attachment 19.

On April 29, 2005, Petitioner, still represented by counsel, filed his notice of appeal in the Eighth District Court of Appeals from the denial of postconviction relief.  ECF Dkt. #7, Attachment 20.  On August 20, 2005, Petitioner presented the following lone assignment of error:

> The trial court erred in violation of Mr. Petitioner' Fifth, Sixth and Fourteenth Amendment rights to due process and the effective assistance of counsel when it overruled the petition for post-conviction relief solely on the grounds that the allegations contained therein were barred by the doctrine of res judicata.

ECF Dkt. #7, Attachments 21-22.

On September 26, 2005, the State filed a brief in opposition.  ECF Dkt. #7, Attachment 23-25.  That same date, Petitioner filed a motion with the Eighth District requesting permission to proceed pro se without the public defender acting as counsel. ECF Dkt. #7, Attachment 26.  On October 6, 2005, the Eighth District granted that motion. ECF Dkt. #7, Attachment 27.  On February 23, 2006, the Eighth District, applying res judicata, affirmed the denial of postconviction relief. ECF Dkt. #7, Attachment 35.

On March 7, 2006, Petitioner, acting pro se, filed a timely notice of appeal as of right, with jurisdictional memoranda, in the Ohio Supreme Court from the Eighth District affirmance of the denial of postconviction relief.  ECF Dkt. #7, Attachment 36.  On May 24, 2006, the Ohio Supreme Court declined jurisdiction and dismissed the appeal as not involving any substantial constitutional

issue.  ECF Dkt. #11, Attachment 1.

      **C.**     **Application to Reopen Direct Appeal**

On December 10, 2004, while his petition for postconviction relief petition was pending in the trial court, Petitioner, acting pro se, filed an application to reopen his direct appeal to the Eighth District pursuant to App.R. 26(B).  ECF Dkt. #7, Attachment 28.  Petitioner presented the following lone proposed assignment of error:

> 1.     Appeal counsel was ineffective for failing to raise appellant's strongest assignments of error on appeal, failing to provide the appellate court with a copy of the juvenile bindover hearing transcripts and by failing to adequately research the law on the errors he did raise to prevent them from being very weak or frivolous.

*Id*. at 7.  Petitioner listed seven issues that he argued should have been raised on direct appeal.  *Id*. at 8-11.  On February 10, 2005, the state filed its opposition to reopening.  ECF Dkt. #7, Attachment 29.  On February 25, 2005, Petitioner filed a reply brief.  ECF Dkt. #7, Attachment 30.  On April 18, 2005, the Eighth District, relying on the doctrine of res judicata, denied Petitioner' application to reopen and alternatively denied the application on its merits.  ECF Dkt. #7, Attachment 31.

On May 6, 2005, Petitioner, acting *pro se*, filed a notice of appeal, with jurisdictional memoranda, in the Ohio Supreme Court from the Eighth District's decision denying the reopening of his direct appeal pursuant to App.R. 26. ECF Dkt. #7, Attachment 32-33.  In support of jurisdiction, Petitioner presented the following five propositions of law:

> 1.     Indigent defendants do have a constitutional right to a free trial transcript of prior court proceedings to submit an ineffective assistance of appellate counsel claim.
>
> 2.     An indigent defendant must be supplied with new, court appointed counsel in order to receive the effective assistance of counsel during an application for reopening filed under Ohio Rules of Appellate Procedure 26(B).
>
> 3.     Res judicata does not bar a court of appeals from considering a timely filed

-5-

application for reopening filed under App.R. 26(B), notwithstanding whether a defendant raised or failed to raise a claim of ineffective assistance of appellate counsel in his first discretionary appeal affirming his convictions under *State v. Murnahan*, 63 Ohio St.3d 60 (1992) [overruling, in part, *State v. Murnahan*].

4.      A prior court hearing transcript in the same case may be used to support a claim of ineffective assistance of appellate counsel when counsel failed to include the prior transcript to argue claims with merit during a defendant's first direct appeal.

5.      An appeal counsel is ineffective when a defendant proves that his counsel was deficient for raising weak and / or frivolous claims and it cannot be proved that appeal counsel was deficient for failing to raise much stronger and meritorious issues and that there was a reasonable probability of success had appeal counsel presented those claims on appeal.

ECF Dkt. #7, Attachment 33.  The state did not file a response and on July 13, 2005, the Ohio

Supreme Court dismissed the appeal as not involving any substantial constitutional question.  ECF

Dkt. #7, Attachment 34.

### D.      Federal Habeas Corpus

On November 21, 2005, Petitioner, acting pro se, filed the instant petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  ECF Dkt. #1.  Petitioner raises the following three

grounds for relief:

**GROUND FOR RELIEF NO. 1:** Petitioner was denied his federal right to the appointment of new appeal counsel in order to raise a claim of ineffective assistance of appellate counsel in the state court.

**GROUND FOR RELIEF NO. 2:** Petitioner was denied his federal right to a free trial transcript of prior proceedings in order to submit an ineffective assistance of appellate counsel claim.

**GROUND FOR RELIEF NO. 3:** Petitioner was denied his right to the effective assistance of counsel on appeal.

*Id.* On December 21, 2005, the instant matter was referred to the undersigned for a report and

recommendation.  ECF Dkt. #4.  On April 25, 2006, Respondent filed a return of writ including

-6-

the trial transcripts.  ECF Dkt. #7; ECF Dkt. #7, Attachments 38-47.  On May 12, 2006, Petitioner filed a motion to proceed in forma pauperis and request to file the complete record. ECF Dkt. #8.  Petitioner's request to proceed in forma pauperis is aimed at obtaining copies for the record of the juvenile court bindover proceeding transcripts, a copy of his PSI report and the statements Jake Harris made to police, all of which he argues bolster his ineffective assistance of appellate counsel claims contained in the instant petition.  *Id.*  On May 17, 2006, Respondent filed a brief in opposition to the request to file the complete record.  ECF Dkt. #9.  On June 16, 2006, Petitioner filed a traverse.  ECF Dkt. #12.

## II.  <u>STANDARD OF REVIEW</u>

Since Petitioner filed his habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), standards apply.  *See Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998).  Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(d).

### A.  **Procedural Barriers to Review**

Before a reviewing court will review the merits of a federal petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles.  Namely, a habeas petitioner must surmount the barriers of time limitation, exhaustion and procedural default.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27 (2004).  The exhaustion requirement is satisfied  "once the federal claim has been fairly presented to the state courts."

-7-

*Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).  To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court."  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims.  *Manning v.  Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  A petitioner fairly presents the substance of his federal constitutional claim to the state courts by (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law.  *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.) cert. denied, 509 U.S. 907 (1993) (quotation omitted).  A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted.  *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because of the petitioner's noncompliance with a state procedural requirement.  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, "the state judgment

-8-

rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 730. However, when the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary.  *See Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged test to determine whether a claim has been procedurally defaulted.  *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).  Under *Maupin*, a reviewing court must decide:

>   (1)   whether the petitioner failed to comply with an applicable state procedural rule;
>
>   (2)   whether the state courts actually enforced the state procedural sanction;
>
>   (3)   whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and
>
>   (4)   if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

As set forth in the *Maupin* analysis, a claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman v. Thompson*, 501 U.S. 722, 751 (1991).  "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation.  *See Magby v.*

*Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).  If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice.  *See Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims,

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio, 2004).  The above standards apply to the Court's review of Petitioner's claims.

**B.     Standard of Review for Merits of a Claim**

When a habeas petitioner overcomes the aforementioned procedural obstacles, the AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus.  The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> > (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).

Under the "contrary to" clause, federal courts may only grant the petitioner's writ if the

-10-

state court's decision contradicts Supreme Court precedent on a question of law or if, in a case

with facts materially indistinguishable from a Supreme Court case previously decided, the state

court reaches an outcome different from that required by the Supreme Court's decision.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  The "unreasonable application" clause permits

a federal court to grant habeas relief only if the state court applies a correct legal principle to the

facts of the case in an objectively unreasonable manner.  *Id.* at 411.  The Supreme Court has

cautioned that a "federal habeas court may not issue the writ simply because that court concludes

in its independent judgment that the relevant state-court decision applied clearly established law

erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id.; see also*

*Bailey v. Mitchell*, 271 F.3d 652, 655-56 (6th Cir. 2001).

## III.    ANALYSIS

Petitioner argues that he was denied the federal right to appointment of counsel on

appeal, denied his right to a free trial transcript of prior proceedings in order to file his appeal

and denied his right to the effective assistance of counsel on appeal.  The undersigned will

address each ground for relief in turn.

### A.    Petitioner's First Ground for Relief

Petitioner argues that he was denied his federal right to the appointment of new appellate

counsel in order to raise a claim of ineffective assistance of appellate counsel in the state court.

ECF Dkt. #1 at 6.

It is well established "that the right to appointed counsel extends to the first appeal of

right, and no further."  *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990 (1987).  It

does not extend to discretionary appeals.  *Id.*.  In his petition, Petitioner relies on *White v.*

*Schotten*, 201 F.3d 743 (6th Cir. 2000), for the proposition that a 26(B) application to reopen a direct appeal is part of the direct review process in Ohio and therefore, counsel should be appointed.  However, the Sixth Circuit overruled *White* and held that in Ohio, a 26(B) application to reopen a direct appeal is a collateral postconviction remedy and not part of the direct appeal process.  *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005), *cert. denied Lopez v. Wilson*, 2006 U.S. Lexis 3304 (Apr. 24, 2006) (overruling *White v. Schotten*, 201 F.3d 743 (6th Cir. 2000)); *see also Morgan v. Eads*, 104 Ohio St. 3d 142, 2004 Ohio 6110, 818 N.E.2d 1157, 1160-62 (Ohio 2004) (holding that a motion under Rule 26(B) is a discretionary appeal, and thus, there is no right to counsel under the Sixth Amendment).  In his traverse, Petitioner concedes that this ground for relief should be denied.[2]  ECF Dkt. #12 at 7.  There is no constitutional right to counsel to pursue a 26(B) application to reopen a direct appeal.

Accordingly, the undersigned recommends that the Court DENY Petitioner's first ground for relief.

**B.    Petitioner's Second Ground for Relief**

In his second ground for relief, Petitioner argues that he was denied his federal right to a free trial transcript of prior court proceedings in order to submit an ineffective assistance of appellate counsel claim.  ECF Dkt. #1 at 7.  Specifically, Petitioner sought a free copy of the juvenile court bindover proceeding transcripts from the Ohio state courts in order to pursue an ineffective assistance of appellate counsel claim.  ECF Dkt. #7 at 7-8; ECF Dkt. #12 at 8-17.

The Ohio court of appeals rejected Petitioner's reasoning for requesting the juvenile court

---

[2] Petitioner acknowledges that, "[T]his claim should be denied [] only should the U.S. Supreme Court deny certiorari in Lopez v. Wilson, 426 F.3d 339 (6 Cir.2005)."  ECF Dkt. #12 at 7.  After the instant petition was filed, the United States Supreme Court did in fact deny certiorari in *Lopez.  See Lopez v. Wilson*, 2006 U.S. Lexis 3304 (Apr. 24, 2006).

transcripts in deciding the 26(B) application to reopen, stating that "[m]atters outside of the record do not provide a basis for reopening."  ECF Dkt. #7, Exhibit 24.  In considering a petition for a writ of habeas corpus, "the federal courts must defer to a state court's interpretation of its own rules of evidence and procedure."  *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985) (citations omitted); *see also Brewer v. Overberg*, 624 F.2d 51, 52 (6th Cir. 1980).  "Alleged errors of state procedure and evidence rarely serve as a basis for federal habeas relief."  *Newsome v. Baker*, 1993 U.S. App. LEXIS 32717 (6th Cir. 1993) (citing *Estelle v. McGuire*, 112 S.Ct. 475, 480 (1991)); *Burgett v. Texas*, 389 U.S. 109, 113-14 (1967).  Here, the Ohio court of appeals indicated that the content of the juvenile court transcripts were not a proper basis to reopen an appeal thru a 26(B) application.  The federal court must defer to the state court's ruling on its own 26(B) procedures.

In so far as Petitioner is requesting his juvenile bindover proceeding transcripts from this Court, the undersigned recommends that this request be denied.[3]  It is well established that a state court must provide an indigent defendant a copy of his *trial transcripts* and court records so that the defendant may prosecute his *direct appeal*.  *See Griffin v. Illinois*, 351 U.S. 12, 19 (1956).  However, that rule is not applicable to this case.  The juvenile court bindover proceeding is not a trial, but rather a probable cause hearing.  *See* Ohio Juv.R. 30(B); O.R.C. 2152.12(A)(1)(a).  The undersigned can find no constitutional requirement to provide an indigent defendant with copies of juvenile court proceedings to pursue either a direct appeal or collateral attack of an adult criminal conviction.  Therefore, the state courts did not offend the constitution by failing to produce the transcripts.  Accordingly, the undersigned recommends that the motion

---

[3] Petitioner has filed a separate motion to proceed in forma pauperis in order to obtain a free copy of the juvenile bindover proceeding transcripts and other documents.  ECF Dkt. #8.

to proceed in forma pauperis be DENIED.

Petitioner's complaint of the state court denial of his transcript request during his discretionary appeal to the Ohio Supreme Court and 26(B) application is non-cognizable on habeas review.  Accordingly, the undersigned recommends that the Court DENY Petitioner's Second Ground for Relief.

### C.    Petitioner's Third Ground for Relief

In his third ground for relief, Petitioner argues that he was denied his right to the effective assistance of appellate counsel.  ECF Dkt. #1.  Petitioner argues that his appellate counsel was deficient in failing to raise the arguments on appeal that (1) his conviction was against the manifest weight of the evidence, (2) claims of double jeopardy due to the impaneling and subsequent dismissal of a jury as well as the prior juvenile bindover proceedings, (3) a Brady violation, and (4) claims of ineffective assistance of trial counsel for failure to object to the violation of a speedy trial and the perjury of Francine McCall, and for failure to impeach the testimony of Jake Harris.  *Id.* at 10-14.  The undersigned will address each argument in turn.

In order to prove a case of ineffective assistance of appellate counsel a petitioner must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defendant.  *Strickland v. Washington*, 466 U.S. 688, 694 (1984).   Since a claim of ineffective assistance of counsel presents a mixed question of fact and law, the "unreasonable application" prong of 28 U.S.C. § 2254(d)(1) applies.  *Barnes v. Elo*, 339 F.3d 496, 501 (6th Cir. 2003), *cert. denied*, 2004 U.S. LEXIS 896 (Jan. 26, 2004).  Thus, to succeed on an ineffective assistance of counsel claim, Petitioner must demonstrate that the state courts applied the *Strickland* standard in an objectively *unreasonable* manner, which is

-14-

more than just erroneously or incorrectly. *Williams v. Taylor*, 529 U.S. 362, 411 (2000)

(emphasis added); *see also Bailey v. Mitchell*, 271 F.3d 652, 655-56 (6th Cir. 2001).

Only when ignored issues are clearly stronger than those presented, will the presumption

of effective assistance of counsel be overcome. *Coleman v. Mitchell*, 268 F.3d 417, 430; *Gray v.

Greer*, 800 F.2d 644, 646 (7th Cir. 1986). Counsel is not required to present every possible

claim, regardless of merit, urged by an appellant on appeal. *Jones v. Barnes*, 436 U.S. 745

(1983); *see Willis v. Smith*, 351 F.3d 741, 745 (6th Cir. 2003). Moreover, judicial scrutiny of

counsel's performance must be highly deferential; indeed, the court must presume that the

challenged action is sound trial strategy. *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). It is not

the role of the Court to second guess counsel's assistance after conviction. *Strickland*, 466 U.S.

at 689.

> **1.    Ineffective assistance of appellate counsel for failure to raise
> an issue on appeal based on manifest weight of the evidence**

Petitioner argues that he received ineffective assistance of appellate counsel when appellate

counsel failed to raise a challenge to his conviction based on the manifest weight of the evidence.[4]

ECF Dkt. #1 at 9-10. Petitioner argues that his manifest weight argument would be stronger had

counsel supplemented the record with the juvenile bindover transcripts. *Id.*; ECF Dkt. #12 at 24-29.

The court of appeals found that Petitioner did not support the argument that the conviction

---

[4] Petitioner raised the instant ground for relief in the 26(B) application to reopen in the state court and raised claims of ineffective assistance of appellate counsel on the discretionary appeal to the Ohio Supreme Court. Upon review of the 26(B), the state court applied res judicata and also denied the application on the merits. Res judicata can serve as a procedural default on federal habeas review. However, in the instant case, the only state court to render a substantive decision based on the merits of the instant ground for relief was the appellate court on 26(B). Thus, it is unclear if the alternate ground of res judicata would serve as a procedural default in this court and so, the undersigned will address the merits of the claim in the alternative as well.

was against the manifest weight of the evidence, but made blanket assertions of error.  ECF Dkt. #7,

Exhibit 32 at 6.  Further,  as explained previously, the Court stated that it was beyond the scope of

a 26(B) application to require evidence to support the argument from outside of the trial record and,

"[m]atters outside of the record do not provide a basis for reopening."  ECF Dkt. #7, Exhibit 24.

Thus, this was not properly presented to the Ohio court of appeals.

However, even on the merits this claim fails.  Appellate counsel had no duty to supplement

the appeal record with the juvenile bindover transcripts as Petitioner contends.  This claim is based

upon the inclusion of the juvenile bindover transcripts and it would not have been heard on direct

appeal just as it was not heard on the 26(B) because it is based on evidence outside of the trial court

record.  *See State v. Peagler*, 76 Ohio St.3d 496 (1996) (explaining that the evidentiary basis upon

which the court of appeals decides a legal issue must have been adduced before the trial court and

have been made a part of the record thereof); *State v. Hartman*, 93 Ohio St.3d 274, 297, 299, 2001-

Ohio-1580 (2001).  Therefore, there can be no error for appellate counsel to not raise an issue on

direct appeal that would have been improperly before the court of appeals and thus, procedurally

denied.

Accordingly, the undersigned recommends that this first subclaim be DISMISSED.

### 2.    Ineffective assistance of appellate counsel for failure to raise an issue on appeal based on Double Jeopardy

Petitioner argues that his appellate counsel was ineffective for failing to raise the issue that

the prosecution was barred by Double Jeopardy.

The issue of double jeopardy was not raised in the trial court.  *See* ECF Dkt. #38; ECF Dkt.

#7, Exhibit 32 at 7-8.  Accordingly, on 26(B), the state court found that this issue was waived.  *See*

ECF Dkt. #7, Attachment 31; *State v. Caines*, 2003-Ohio-6855, at ¶ 47 (explaining that double

jeopardy rights can be waived if they are not asserted prior to retrial).  As such, appellate counsel was not ineffective for failing to raise a waived claim on appeal because the appellate court would not have heard it.  And even had the issue not been waived, the state court on 26(B) review did not unreasonably apply clearly established law.  There is no merit to the double jeopardy argument.

The Double Jeopardy Clause states that, "No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V.  This means that if a defendant receives a judgment of acquittal or if a defendant is convicted and then succeeds in reversing the conviction on the basis of insufficiency of the evidence, then he may not be retried without violating the Clause.  *United States v. Scott*, 437 U.S. 82, 90-91 (1978); *Malinovsky v. Court of Common Pleas*, 7 F.3d 1263, 1269 (6th Cir. 1993).  Neither of those cases are present here.

As to the juvenile court bindover proceedings, O.R.C. 2152.12 mandated a bindover hearing by the juvenile court upon an age-related finding and a finding of probable cause in Petitioner's case:

> After a complaint has been filed alleging that a child is a delinquent child for committing an act that would be aggravated murder, murder, attempted aggravated murder, or attempted murder if committed by an adult, the juvenile court at a hearing shall transfer the case if the child was sixteen or seventeen years of age at the time of the act charged and there is probable cause to believe that the child committed the act charged.

O.R.C. 2152.12(A)(1)(a).  The juvenile court in turn, has rules governing such situations as mandated by statute.  Juv.R. 30 governing the circumstances in which the juvenile court will relinquish jurisdiction over a juvenile for purposes of criminal prosecution, requires, in relevant part, the following:

> (A) *Preliminary hearing.* --In any proceeding where the court considers the transfer of a case for criminal prosecution, the court shall hold a preliminary hearing to determine if there is probable cause to believe that the child committed the act

-17-

alleged and that the act would be an offense if committed by an adult. The hearing may be upon motion of the court, the prosecuting attorney, or the child.

(B) *Mandatory transfer.* --In any proceeding in which transfer of a case for criminal prosecution is required by statute upon a finding of probable cause, the order of transfer shall be entered upon a finding of probable cause.

The juvenile court found that Hicks was 17 years of age at the time of the offense, and that there was probable cause to believe that he had committed an act that would be the crime of murder in violation of R.C. 2903.02 if committed as an adult. ECF Dkt. #7, Attachment 29. Thus, the bindover proceeding that Petitioner complains of was limited in scope to a determination of probable cause under the alleged acts and it was not a delinquency adjudication based on having committed the murder. *See* ECF Dkt. #7, Attachment 23 at ¶ 13; *Sims v. Engle*, 619 F.2d 598, 601 (6th Cir. 1980) (explaining that jeopardy does not attach unless the fact finder at the earlier proceeding adjudicated the guilt of the juvenile). Therefore, appellate counsel breached no duty in not raising the claim of double jeopardy because jeopardy did not attach at the bindover proceeding.

As to the question of the jury, the record reflects that Petitioner requested and received new trial counsel on the day that he was expected to offer a plea in Court. ECF Dkt. #7, Attachment 38 at 4-8. Petitioner specifically requested the lawyer he had for the juvenile court proceedings be his trial counsel. *Id.* at 8. The Court denied Petitioner's request initially because it was so close to trial, but then after some consultation allowed trial counsel to withdraw, appointed Petitioner's attorney of choice and allowed a recess. *Id.* at 7-8;14. In the meantime, however, the trial court Judge proceeded to prepare for trial and brought a panel of jurors into the courtroom, explained that the trial would start after lunch, and swore them in for voir dire, but no details of the case were give other than it was a criminal case. *Id.* at 9-10. After some time, Petitioner, accompanied by his attorney of choice then waived his right to a trial by jury. *Id.* at 15-16. The waiver was valid. *See*

-18-

*State v. Hicks*, 1004-Ohio-5223; 2004 Ohio App. LEXIS 4808 (App. Ct. 2004), at ¶ 37-39; ECF Dkt. #7, Attachment 1.  In these circumstance, Petitioner was not tried twice nor was there more than one adjudication of guilt.  *See Serfass v. United States*, 420 U.S. 377, 388 (U.S. 1975) (explaining that jeopardy does not attach until a defendant is put to trial before a trier of fact).

Based on the foregoing, the undersigned can not conclude the state court misapplied federal law on the issue of appellate counsel's failure to raise the issue of double jeopardy.  Moreover, Petitioner has offered no law to support his contention that his appellate counsel should have raised the claim of double jeopardy on habeas review.

Accordingly, the undersigned recommends that the Court DISMISS this second subclaim.

### 3.    Ineffective assistance of appellate counsel for failure to raise an issue on appeal based on a Brady violation

Petitioner argues that his appellate counsel was ineffective for failing to raise the issue that the prosecutor failed to disclose material evidence in violation of *Brady v. Maryland* 373 U.S. 83, 87 (1963).  ECF Dkt. #1 at 11.

This claim was not fairly presented to the state courts and so procedurally defaulted on habeas review.  This subclaim was not fairly presented in the state courts when Petitioner did not demonstrate the alleged error in his 26(B) application, and the Eighth District enforced its procedural rule that mandated the demonstration of the error in the application.  *See State v. Hicks*, 2005-Ohio-1842, 2005 Ohio App. LEXIS 1759 (App. Ct. 2005), at ¶ 15;  ECF Dkt. #7, Attachment 31; *See Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (explaining that one way to fairly present the substance of a federal constitutional claim to the state courts is by phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right).  The issue is now waived because res judicata would bar its review in the state

-19-

courts, and there is no provision in Ohio for a successive application to reopen. *See generaly Rust v. Zent*, 17 F.3d 155, 160-161 (6th Cir. 1994).

But be that as it may, in order to prove a case of ineffective assistance of appellate counsel a petitioner must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 688, 694 (1984). Counsel is not required to present every possible claim, regardless of merit, urged by an appellant on appeal. *Jones v. Barnes,* 436 U.S. 745 (1983). Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument that can be made. *Smith v. Murray,* 477 U.S. 527 (1986).

As the appeals court decision on postconviction relief demonstrates, this Brady issue should have been properly raised, if at all, on direct review. However, the state court did not pass judgment on whether appellate counsel should have raised the issue on direct review. However, even assuming arguendo that it was unreasonable for appellate counsel to fail to raise this issue on appeal, Petitioner cannot demonstrate prejudice in the failure to raise this issue on appeal.

This claim is based on the failure of the prosecutor to disclose information that was revealed in the presentence investigation report ("PSI"). The information indicated that an East Cleveland councilwoman informed the police that "she had reliable information from a reliable source that 'two boys were robbing the dope boys' on Chapman," and that the police had been contacted by a confidential reliable informant "that two males were involved in this murder, and one of them was Main Man, aka Jake Harris [a witness who testified on behalf of the State]." ECF Dkt. #7, Attachment 19 at 1; also see ECF Dkt. #7, Attachment 43 ("Trial Transcript") at

-20-

494.  Petitioner relies on the fact that one of the boys was identified as the state's witness, Jake

Harris (a.k.a. Main Man) because the defense theory at trial was that someone else had

committed the murder, in particular, Jake Harris. *See* ECF Dkt. #1; ECF Dkt. #7, Exhibit 14 at

11; ECF Dkt. #7 at 31.  Harris testified at length and was vigorously cross-examined by the

defense.  ECF Dkt. #7, Attachments 43-44 at 277-344.  The evidence clearly indicates that,

almost immediately after the shots were fired, Harris was practically halfway out of the building

where the murder took place, a fact that led the direct appeal court to properly discount Harris as

the shooter. *See State v. Hicks*, 2004-Ohio-5223 at ¶ 18; ECF Dkt. #7, Attachment 1. The overall

evidence at trial revealed that only Hicks had the "time, opportunity, and motive to kill the

victim." *Id.*  Thus, it cannot be demonstrated that the lack of the tip evidence regarding Harris

being the alleged shooter deprived Hicks of a fair trial because this missing tip evidence would

not have reasonably changed the outcome.  Moreover, the PSI report indicates that Petitioner

was also known as "Londale Johnson" and "Little Wil."  ECF Dkt. #7, Attachment 18 at 11.

Of the two boys identified as involved in the incident was "Little Wil."  ECF Dkt. #7,

Attachment 18 at 11.  Since the PSI information inculpates Petitioner as much as it exculpates

him, Petitioner can not show prejudice in failing to disclose that information.

   Petitioner has also filed a motion in this Court to proceed in forma pauperis to obtain a

copy of the PSI.  ECF Dkt. #8.  However, because the relevant portions of the PSI are in the

record, it would be redundant to supplement the record with the actual document.  The state

appeals court in reviewing this same claim, explained that the reason the claim should have been

brought on direct review is that the alleged error was apparent from the transcript.  The relevant

sections are contained in the trial transcript, the state appeals court decision denying

postconviction relief, both Petitioner's and the state's briefs on postconviction relief and in the briefs for the instant petition.  Therefore, the undersigned recommends that the motion to proceed in forma pauperis to obtain the PSI be DENIED.

> **4.     Ineffective assistance of appellate counsel for failure to raise an issue on appeal based on ineffective assistance of trial counsel**

Petitioner argues that his appellate counsel was ineffective for failing to raise three issues of ineffective assistance of trial counsel.  ECF Dkt. #1 at 13-14.  Petitioner argues that trial counsel was ineffective for failing to raise the issue of a speedy trial violation, failing to seek a mistrial based on the alleged perjury of one of the state's witnesses, and for failing to impeach the testimony of Jake Harris.  *Id.*

Petitioner raised these issues in his brief in support of his 26(B) application.  *See* ECF Dkt. #7, Attachment 8 at 16-17.  However, he raised them in support of the prejudice prong of the *Strickland* standard under the third proposition of law wherein he is arguing that appellate counsel raised frivolous errors on appeal and missed meritorious arguments.  *See* ECF Dkt. #7, Attachment 8 at 12-17.  This Court generally accords deference to the state court's decision when reviewing a denial of a state prisoner's request for post-conviction relief.  28 U.S.C. 2254(d).  However, in ruling on petitioner's 26(B) application, the Ohio court of appeals did not address the instant grounds for relief as separate issues.  The undersigned questions whether Petitioner has adequately preserved these grounds for relief for review here given the way he raised the issues in the state courts.  *See Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (explaining that to exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court."); *Coleman v. Thompson*, 501 U.S.

-22-

722, 748 (1991) (explaining that a petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause and prejudice).  But even if not defaulted in this court, Petitioner's grounds for relief are meritless.

As aforementioned, in order to prove a case of ineffective assistance of appellate counsel a petitioner must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defendant.  *Strickland v. Washington*, 466 U.S. 688, 694 (1984).  In order to determine whether appellate counsel was ineffective for failing to raise the issues of ineffective assistance of trial counsel, the undersigned must first determine if trial counsel was ineffective for failing to preserve the alleged errors.

A habeas petitioner has the burden to prove that he is entitled to relief.  *See Williams v. Taylor*, 529 U.S. 362, 146 L. Ed. 2d 389, 120 S. Ct. 1495, 1518 (2000); *Engle v. Isaac*, 456 U.S. 107, 134-35, 71 L. Ed. 2d 783, 102 S. Ct. 1558 (1982).  Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief.  *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998) (conclusory allegations of ineffective assistance of appellate counsel do not warrant habeas relief).  Petitioner's allegations that his trial counsel failed to assert that his right to a speedy trial was violated are speculative at best.  Petitioner does not demonstrate a violation in his habeas petition, his traverse or when he presented this ground to the Ohio Supreme Court.  Mere speculation is not a basis for habeas relief.  Likewise, Petitioner has failed to support his allegations that trial counsel failed to seek a mistrial.  Federal habeas corpus relief may not be granted based upon perceived violations of state law.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 116 L. Ed. 2d 385, 112 S. Ct. 475 (1991).  Petitioner has not presented evidence to support his contention that his right to a speedy trial was violated or that the perjury of a

witness warranted a motion for a mistrial, let alone that trial counsel was defective for failing to do these things.

Further, as to the allegation that counsel failed to properly impeach Jake Harris, the record reveals that Harris' motive to lie was explored on cross-examination.  ECF Dkt. #7, Attachments 43-44 at 277-345.  Also, a discrepancy between Harris' testimony and his earlier police statement to the East Cleveland Police Department, in the form of whether Harris entered the building where the murder took place and whether Harris observed Hicks jumping from a second floor window after the shooting and running away, was the subject of cross-examination.  ECF Dkt. #7, Attachment 43-45 at pp. 294-340.  Trial counsel's tactical decisions are particularly difficult to challenge when claiming ineffective assistance of counsel.  *See McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir. 1996); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).  Accordingly, Petitioner must "overcome a presumption that the challenged action might be considered sound trial strategy." *Id.*  Petitioner has failed to do so.

Accordingly, since Petitioner has failed to establish that his trial counsel was ineffective, Petitioner has also failed to establish that his appellate counsel was ineffective for failing to raise these grounds of ineffective assistance of trial counsel.  As such, the undersigned recommends that this subclaim be denied.

Also, Petitioner has requested in forma pauperis status to obtain the actual statements Harris made to the police.  However, the undersigned finds that the actual statement Harris made to the police, where the discrepancy is already evident in the record provided, would not change the Court's review of this Ground for Relief.  Accordingly, the undersigned recommends that Petitioner's motion to proceed in forma pauperis to obtain a copy of the statements Jake Harris

made to police be DENIED.

**IV.     CONCLUSION**

For the foregoing reasons, the undersigned recommends that the Court find that

Petitioner's three grounds for relief are not well taken.  Accordingly, the undersigned

recommends that the Court DENY Petitioner's motion to proceed in forma pauperis and

recommends that the Court DISMISS Petitioner's instant petition for writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254 with prejudice.  ECF Dkt. #s 1 and 8.


Date:     _____**October 4, 2006**_____          _____*/s/George J. Limbert*_____
                                                                George J. Limbert
                                                                United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of
Court within ten (10) days of service of this notice.  Failure to file objections within the specified
time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*,
474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).